PER CURIAM.
The State has filed a petition for writ of certiorari to review the trial court’s pre-trial order excluding the State’s essential witness from testifying in the trial of this loansharking case.
The witness was deposed on two different days, once for two hours and again for several hours. During the deposition he refused, on his own, to answer any questions about certain individuals. In addition, the assistant state attorney instructed him not to answer certain questions. After the questions were certified, the trial court entered an order on respondent’s motion to compel, granting some and denying others. The State did not seek review by certiorari of the trial court’s order compelling the witness to answer certain questions.
The witness’ deposition was then taken again for the purpose of asking him the questions the trial court had ordered to be answered, and the witness continued to refuse to answer ten of the thirteen ques *20 tions. On some occasions at this deposition the instruction not to answer was given to the witness by an attorney with the Justice Department, not the assistant state attorney. On others, the latter instructed the witness not to answer and announced he was doing so at the request of the federal government.
We are of the opinion that the relief sought is not warranted because a witness on deposition may not pick and choose with immunity what questions he wishes to answer, absent any recognized privilege. The State contends that the federal government, not the State, was the source of the instruction not to answer, the witness being in the federal government’s protective program. Therefore, the State.argues that it should not be penalized. Again, we point out the original decisions not to answer were made by the witness or the assistant state attorney, and the Justice Department exercised authority only at the last deposition. Moreover, it is the witness’ refusal to answer, not the source of his instruction, which we find to be material.
The State next argues that the defendant was not prejudiced by the witness’ refusal to answer and that the exclusion of the essential witness will penalize the public unnecessarily. In our opinion the public would suffer a substantially greater loss were we to permit a witness or party to dictate to the trial judge what questions the witness will answer on deposition. Accordingly, we hold the trial court was correct in excluding the witness from testifying at the trial of this cause. The petition is denied.
CERTIORARI DENIED.
MOORE, HERSEY and GLICKSTEIN, JJ., concur.